IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VALENTINE AKPA,

    Plaintiff,

v.

                                    Civil No. 25-166-BAH

MPB GROUP INC.,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Valentine Akpa ("Akpa" or "Plaintiff") brought suit against Defendant MPB Group Inc. ("Defendant"), alleging four claims arising under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 et seq. ECF 19 (amended complaint).[1] Pending before the Court is Defendant's motion to dismiss or, in the alternative, motion for summary judgment (the "Motion"). ECF 20. Akpa filed an opposition. ECF 31. Defendant did not file a reply. All filings include memoranda of law and exhibits.[2] The Court has reviewed all relevant filings and finds that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2025). Accordingly, for the reasons stated below, Defendant's Motion is **DENIED**.

## I.     BACKGROUND

Akpa alleges that on January 3, 2023, he was hired by Defendant as a remote therapist. ECF 19, at 3 ¶ 8. He then "joined the United States Army on May 17, 2023." *Id.* ¶ 11. On July 25, 2024, Akpa "received active duty orders" and, sometime in August of 2024, "provided advance

---

[1] The original complaint is docketed at ECF 1.

[2] The Court references all filings by their respective ECF numbers and page numbers by the ECF-generated page numbers at the top of the page.

notice to" Defendant "of his upcoming military duty through his company-email address" and "that he would need to take leave to serve in the military." *Id.* ¶¶ 12–13. In response to this notice, Defendant's "Human Resources requested documentation from Plaintiff," so Akpa provided Human Resources with a "Duty Memo" that he acquired from his Unit Administrator at the U.S. Army, "titled 'Official Notification of Required Military Duty.'" *Id.* at 3–4 ¶ 14. Akpa then went "on active duty in the U.S. Army from September 10, 2024 to December 12, 2024 . . . for a total of 93 days." *Id.* at 4 ¶ 15.

"Shortly after Plaintiff returned from active duty, approximately around December 13, 2024," he reached out to "Human Resources Manager, Micha Lam, by email that he had returned from military service and requested to return to employment and his work schedule." *Id.* ¶ 16. Lam directed Akpa "to contact the Chief Finance Growth Officer, Minoti Kulkarni," and Akpa did so, but "received no response." *Id.* ¶¶ 17–18. Then, on December 31, 2024, Akpa "received a termination letter via email from Ms. Lam with no prior warning and with no other communication regarding his request to be reemployed." *Id.* ¶ 19. Akpa's "communications regarding [his] active duty obligations and his request to return to reemployment were on [Defendant's] email system," to which Akpa's access was terminated shortly after receipt of his termination letter. *Id.* at 5 ¶ 21. Akpa alleges that Defendant violated four sections of the USERRA by failing to reemploy Akpa and by terminating him: § 4311(a) (Count I); § 4312(a) (Count II); § 4313(a)(2) (Count III); and § 4316(c)(2) (Count IV). *See id.* at 6–9. As relief, Akpa requests declaratory and injunctive relief, compensatory and liquidated damages, and attorney's fees. *Id.* at 9–10.

On January 16, 2025, Akpa filed the original complaint in this action. ECF 1. Defendant was served on March 16, 2025, but failed to file a responsive pleading within twenty-one days. *See* ECF 7 (answer due April 7, 2025). Akpa then moved for entry of default on April 11, 2025,

2

ECF 8, which was entered on April 28, 2025, ECF 9. On May 27, 2025, Defendant filed a motion to vacate the entry of default, ECF 11, along with its answer to the complaint, ECF 12. While the motion to vacate was pending, Akpa filed an amended complaint as a matter of course, ECF 19, and Defendant filed a motion to dismiss or, in the alternative, for summary judgment directed at the amended complaint, ECF 20 (the "Motion"). Defendant's motion to vacate the entry of default was granted. ECF 28. Akpa then filed his opposition to the Motion. ECF 31. The Motion is now ripe for resolution.

## II.    LEGAL STANDARD

A motion to dismiss styled in the alternative as a motion for summary judgment implicates the Court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure. *See Kensington Vol. Fire Dep't, Inc. v. Montgomery Cnty.*, 788 F. Supp. 2d 431, 436–37 (D. Md. 2011), *aff'd* 684 F.3d 462 (4th Cir. 2012). "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Conversion of a motion to dismiss into one for summary judgment under Rule 12(d) is permissible where a plaintiff has notice that the motion may be disposed of as one for summary judgment. *See Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 260–61 (4th Cir. 1998). When a movant expressly captions its motion to dismiss "in the alternative" as one for summary judgment and submits matters outside the pleadings for the Court's consideration, the parties are deemed to be on notice that conversion under Rule 12(d) may occur; the Court "does not have an obligation to notify parties of the obvious." *Id.* at 261; *see also Willey v. Bd. of Educ. of St. Mary's Cnty.*, 557 F. Supp. 3d 645, 657 (D. Md. 2021) ("Notably, 'the Federal Rules do not prescribe that any particular notice be given before a Rule 12 motion is converted to a Rule 56

3

motion.'" (quoting *Ridgell v. Astrue*, Civ. No. DKC-10-3280, 2012 WL 707008, at \*7 (D. Md. Mar. 2, 2012))).

Defendant has captioned its motion to dismiss as an alternative motion for summary judgment, *see* ECF 20, and thus Akpa is "deemed to be on notice that conversion under Rule 12(d) may occur." *Laughlin*, 149 F.3d at 261. A party opposing the conversion of a motion to dismiss into one for summary judgment ordinarily must submit a Rule 56(d) affidavit setting forth their reasons, and the Fourth Circuit places "great weight" on the necessity of such an affidavit. *Evans v. Tech. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). A Rule 56(d) affidavit is inadequate if it merely asks for "discovery for the sake of discovery." *Hamilton v. Mayor of Balt.*, 807 F. Supp. 2d 331, 342 (D. Md. 2011) (internal citation omitted). Such a request is properly denied where "the additional evidence sought for discovery would not have by itself created a genuine issue of material fact sufficient to defeat summary judgment." *Ingle ex rel. Estate of Ingle v. Yelton*, 439 F.3d 191, 195 (4th Cir. 2006) (quoting *Strag v. Bd. of Trustees*, 55 F.3d 943, 954 (4th Cir. 1995)).

Akpa correctly points out that while Defendant has styled its motion as one alternatively seeking summary judgment on all claims, its arguments in favor of summary judgment are targeted only to Akpa's claims under Counts II and III regarding his request for reemployment. *Compare* ECF 20, at 3–5 (requesting summary judgment on Counts II and III based on supporting evidence), *with* ECF 20, at 6–8 (arguing that Akpa has failed to state a claim under Counts I and IV); *see also* ECF 31, at 6–7. Moreover, Akpa and his counsel have filed Rule 56(d) affidavits challenging the conversion of Defendants' motion into one for summary judgment. *See* ECF 31-1 (counsel's); ECF 31-2 (Akpa's). Akpa asserts that discovery is warranted because Defendant has "selectively submitted only some of [Akpa's] communications" regarding his requests for reemployment and

4

other USERRA claims. ECF 31-2, at 5. Akpa posits that additional discovery would produce relevant "evidence that is in the possession of Defendant[]" such as Akpa's emails located on Defendant's server, which Akpa no longer has access to; emails among Defendant's staff regarding Akpa's military status and service, request for reemployment, and termination; and records regarding Akpa's employment including his work performance. ECF 31-1, at 1–2. Akpa also seeks to depose Lam and Kulkarni. *Id.* Akpa contends that the evidence sought "is relevant to Plaintiff's position that he requested reemployment, that his duty obligations and his military leave were at least one factor that contributed to his termination, and that Defendant knew of Plaintiff's rights under USERRA and violated these rights anyway." *Id.* at 2. Akpa argues that without this evidence, he "cannot meaningfully challenge Defendant's assertions or fully support a demonstration of the existence of genuine disputes of material fact." *Id.* at 3. Based on the affidavits set forth by Akpa, the Court concludes that Akpa does not seek "discovery for the sake of discovery," *Hamilton*, 807 F. Supp. 2d at 342, and thus will treat Defendant's motion as one to dismiss.

Federal Rule of Civil Procedure 12(b)(6) governs dismissals for failure to "state a claim upon which relief can be granted." In considering a motion under this rule, courts discount legal conclusions stated in the complaint and "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court then draws all reasonable inferences in favor of the plaintiff and considers whether the complaint states a plausible claim for relief on its face. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

5

"The complaint must offer 'more than labels and conclusions' or 'a formulaic recitation of the elements of a cause of action[.]'" *Swaso v. Onslow Cnty. Bd. of Educ.*, 698 F. App'x 745, 747 (4th Cir. 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). At the same time, a "complaint will not be dismissed as long as [it] provides sufficient detail about [the plaintiff's] claim to show that [the plaintiff] has a more-than-conceivable chance of success on the merits." *Owens v. Balt. City State's Att'ys Off.*, 767 F.3d 379, 396 (4th Cir. 2014).

## III.    ANALYSIS

### A.    USERRA

"USERRA 'prohibit[s] discrimination against persons because of their service in the uniformed services.'" *Kitlinski v. United States Dep't of Just.*, 994 F.3d 224, 229 (4th Cir. 2021) (quoting *Butts v. Prince William Cnty. Sch. Bd.*, 844 F.3d 424, 430 (4th Cir. 2016)) (alteration in *Butts*). "Courts 'broadly construe[ ]' the statute 'in favor of its military beneficiaries.'" *Id.* (alteration in *Kitlinski*) (quoting *Francis v. Booz, Allen & Hamilton, Inc.*, 452 F.3d 299, 302 (4th Cir. 2006)). "Four sections of USERRA outline its framework: 4311, 4312, 4313, and 4316." *Butts*, 844 F.3d at 430. "Section 4311 prohibits discrimination on the basis of military service, sections 4312 and 4313 entitle veterans to reemployment after military service and prescribe the positions to which they may return, and section 4316 prohibits discharge of reemployed veterans without cause within a set period of time." *Melada v. Giant of Md., LLC*, Civ. No. GJH-20-1509, 2021 WL 3037454, at *7 (D. Md. July 19, 2021) (citing *Butts*, 844 F.3d at 430). 38 U.S.C. § 4323 provides that "[i]n any action under this section, the court may award relief" including "requir[ing] the employer to comply with the provisions of this chapter," "compensat[ion] . . . for any loss of wages or benefits" and interest, and liquidated damages. 38 U.S.C. § 4323(d).

6

### B.    Count I: Discrimination (§ 4311)

Akpa argues that Defendant discriminated against him on the basis of his military service by refusing to reemploy him upon his return and then by sending him a termination letter shortly after he returned from active duty. ECF 19, at 6. Section "4311 broadly prohibits discrimination in the hiring, rehiring, and retaining of servicemembers." *Harwood v. Am. Airlines, Inc.*, 963 F.3d 408, 414 (4th Cir. 2020). It provides that "[a] person who . . . has performed . . . service in a uniformed service shall not be denied initial employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that . . . service . . . ." 38 U.S.C. § 4311(a). It prohibits "discrimination because of an employee's service at the 'initial employment, reemployment, [and] retention in employment' stages of a veteran's employment, as well as for 'promotion, or any benefit of employment.'" *Butts*, 844 F.3d at 430 (quoting § 4311(a)).

"[T]o succeed on a claim under § 4311(a), a servicemember must demonstrate (1) that his employer took an adverse employment action against him; (2) that he had performed, applied to perform, or had an obligation to perform as a member in a uniformed service; and (3) that the employer's adverse action was taken 'on the basis of' that service, such that the service was 'a motivating factor' in the action." *Harwood*, 963 F. 3d at 414–15 (citing §§ 4311(a), (c)(1)). Here, Defendant argues that Akpa has failed to sufficiently allege the third element of his claim as Akpa "merely alleges a temporal proximity, with no allegations of discriminatory remarks, disparate treatment, or adverse actions following his service." ECF 20-3, at 7. Akpa counters that the temporal proximity between his return from active duty and Defendant's refusal to reemploy him and subsequent termination is sufficient to show that service was a motivating factor in both adverse actions. ECF 31, at 12.

"Courts consider a 'variety of factors' in determining whether an employer had discriminatory motivation, including:"

> proximity in time between the employee's military activity and the adverse employment action, inconsistencies between the proffered reason and other actions of the employer, an employer's expressed hostility towards members protected by the statute together with knowledge of the employee's military activity, and disparate treatment of certain employees compared to other employees with similar work records or offenses.

*Melada*, 2021 WL 3037454, at *8 (quoting *Sheehan v. Department of Navy*, 240 F.3d 1009, 1014 (Fed. Cir. 2001)).

Akpa cites *Melada v. Giant of Maryland, LLC*, in support of his argument regarding temporal proximity, and the Court finds that case instructive here. Civ. No. GJH-20-1509, 2021 WL 3037454 (D. Md. July 19, 2021). In *Melada*, Judge Hazel analyzed a claim under § 4311 of the USERRA, where the plaintiff alleged that he was subjected to a retaliatory termination 45 days after the employer was served with plaintiff's lawsuit brought under USERRA. *Id.* at *9–10. Similarly to Akpa, the *Melada* plaintiff "primarily relie[d] on temporal proximity to establish the requisite link" to satisfy the third element of the § 4311 claim. *Id.* at *9. The *Melada* Court reasoned that "[a]lthough it is not the only factor to be considered, '[d]iscriminatory motivation under the USERRA may be reasonably inferred from a variety of factors, including proximity in time between the employee's military activity and the adverse employment action.'" *Id.* (quoting *Sutherland v. SOS Int'l, Ltd.*, 541 F. Supp. 2d 787, 793 (E.D. Va. 2008)). Accordingly, Judge Hazel found that at the motion to dismiss stage, and drawing all inferences in the plaintiff's favor, the 45-day temporal proximity alone was "sufficient to state a claim of retaliation against" the employer. *Id.* at *10 (collecting cases). So too here.

Akpa returned from military service on December 12, 2024, and he alleges he promptly informed Defendant he had returned from service and requested reemployment on December 13,

8

2024. ECF 19, at 4 ¶¶ 15–16. Akpa claims that, in response, Defendant refused to reemploy him, and then sent him a letter of termination on December 31, 2024, "nineteen days following his return from active duty obligations." *Id.* ¶ 19. Just as in *Melada*, at the motion to dismiss stage, and drawing all reasonable inferences in Akpa's favor, this time period is short enough to support causation. *See Melada*, 2021 WL 3037454, at *10; *see also Sutherland*, 541 F. Supp. 2d at 793 (denying summary judgment based on temporal proximity where the plaintiff allegedly informed his employer of his need to take two weeks of military leave shortly before he was terminated, and the defendant employer denied such a conversation ever took place). Accordingly, the Court will not dismiss Count I of Akpa's complaint.

## C.    Counts II and III: Reemployment (§§ 4312 and 4313)

"Sections 4312 and 4313 protect veterans seeking reemployment." *Butts*, 844 F.3d at 430 (citing *Petty v. Metro. Gov't of Nashville–Davidson Cty.*, 538 F.3d 431, 439–40 (6th Cir. 2008)). "Section 4312 guarantees returning veterans a right of reemployment after military service" and "requires employers to rehire veterans when they return from service if those veterans satisfy the criteria in that section." *Id.* (quoting § 4312(a)(1)–(3)); *see also Francis*, 452 F.3d at 304 ("Section 4312 provides that any person whose absence from a position of employment is necessitated by service in the uniformed services is entitled to reemployment rights." (quoting *Warren v. IBM*, 358 F. Supp. 2d 301, 310 (S.D.N.Y. 2005))). "If a veteran satisfies the criteria, then Section 4313 sets forth the rights under Section 4312—namely, the specific position to which veterans are entitled upon their return." *Butts*, 844 F.3d at 430 (citing § 4313(a)(1)–(4)).

"Section 4312 guarantees reemployment rights . . . for any employee who was absent from employment 'by reason of service in the uniformed services' if three criteria are met[.]" *Id.* at 430–31. First, the person must have "given advance written or verbal notice of such service" to their employer; second, "the cumulative length of the absence . . . by reason of service in the

9

uniformed services does not exceed five years"; and third, "the person reports to, or submits an application for reemployment to, such employer in accordance with the provisions of subsection (e)." 38 U.S.C. § 4312(a)(1)–(3). Where, as here, "a person whose period of service in the uniformed services was for more than 30 days but less than 181 days," the person must "notify the employer . . . of the person's intent to return to a position of employment . . . by submitting an application for reemployment with the employer not later than 14 days after the completion of the period of service." *Id.* § 4312(e)(1)(C).

Defendant does not dispute that Akpa sufficiently alleges the first and second elements of a § 4312 claim. *See* ECF 20-3, at 3 ("Plaintiff never applied for reemployment."). However, Defendant argues that Akpa wholly failed to request or apply for reemployment to satisfy the third element. ECF 20-3, at 3. USERRA regulations provide that "[a]n application for reemployment need not follow any particular format." 20 C.F.R. § 1002.118. The application may occur either "orally or in writing," but it "should indicate that the employee is a former employee returning from service in the uniformed services and that he or she seeks reemployment with the pre-service employer." *Id.*; *see also Jimenez v. Holbrook Plastic Pipe Supply, Inc.*, 761 F. Supp. 3d 500, 508 (E.D.N.Y. 2024) ("Such application 'need not follow any particular format' so long as it places the employer on notice of his or her claim to reemployment." (quoting *Serricchio v. Wachovia Sec. LLC*, 658 F.3d 169, 180 (2d Cir. 2011))).

The facts set forth in the amended complaint sufficiently allege that Akpa requested reemployment under USERRA. Akpa alleges that one day after he completed active duty, he contacted Defendant's "Human Resources Manager, Micha Lam, by email that he had returned from military service and requested to return to employment and his work schedule." ECF 19, at 4 ¶ 16. He alleges he was then directed to contact the Chief Finance Growth Officer, Minoti

Kulkarni, about his request for reemployment, and did so, but "received no response." *Id.* ¶¶ 17–18. The email Akpa allegedly sent to Lam specifically indicates that Akpa was "returning from service" and "seek[ing] reemployment" as called for in the statute and the applicable regulation. *See* 20 C.F.R. § 1002.118; *cf. Harwood v. Am. Airlines Inc.*, No. 1:17-CV-00484-GBL-JFA, 2017 WL 11318161, at *7 (E.D. Va. Aug. 9, 2017) (request for reemployment plausibly alleged when the plaintiff emailed his former employer to "request a new bid status" and then emailed again to inform them of the date his service with the armed forces would end), *aff'd*, 963 F.3d 408 (4th Cir. 2020). Akpa also alleges that he submitted his request for reemployment within the requisite fourteen-day time period set forth by § 4312(e), as his active duty ended on December 12, 2024, and he requested reemployment one day later, on December 13. ECF 19, at 4 ¶¶ 15–16. Accordingly, the Court concludes that Akpa has sufficiently alleged that he made a request for reemployment within the statutory time period set forth by USERRA.

As noted, § 4313 sets forth "the specific position to which veterans are entitled upon their return." *Butts*, 844 F.3d at 430 (citing § 4313(a)(1)–(4)). Relevant here, upon a timely request for reemployment, Defendant was required to reemploy Akpa "in the position of employment in which the person would have been employed if the continuous employment of such person with the employer had not been interrupted by such service." 38 U.S.C. § 4313(a)(2)(A). "Such reemployment must occur promptly," meaning "'within two weeks of the employee's application for reemployment,'" unless there is an "'unusual circumstance.'" *Harwood*, 2017 WL 11318161, at *8 (quoting 20 C.F.R. § 1002.181). Defendant does not dispute that it did not reemploy Akpa. *See* ECF 20-3, at 3–6. Accordingly, the Court concludes that Akpa has plausibly alleged a violation of USERRA's reemployment provisions under §§ 4312 and 4313.

11

### D.      Count IV: Termination (§ 4316)

"Section 4316 generally applies at the point of termination of employment." *Butts*, 844 F.3d at 430 (citing *Petty*, 538 F.3d at 440).  It provides that "[a] person who is reemployed by an employer under this chapter shall not be discharged from such employment, except for cause . . . within 180 days after the date of such reemployment, if the person's period of service before the reemployment was more than 30 days but less than 181 days." 38 U.S.C. § 4316(c)(1)(2); *see also Francis*, 452 F.3d at 304 ("§ 4316 converts the otherwise at-will employment status of covered individuals to one in which they are protected from dismissal except for cause for a period of time.").

Akpa alleges that Defendant violated § 4316 by terminating him "on December 31, 2024, less than 180 days after he finished his service obligations on December 12, 2024, and apparently while [Defendant] still considered [Akpa] an employee." ECF 19, at 9 ¶ 50.  Defendant, however, argues that § 4316 is not applicable based on Akpa's allegation that "he was never reemployed following his return from active service." ECF 20-3, at 7.  Defendant's argument is unavailing.

Defendant cites no authority for its contention that an inconsistency in claims warrants dismissal. *See id.* at 7–8.  Indeed, as Akpa argues, Rule 8 of the Federal Rules of Civil Procedure authorizes "[a] party [to] state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3).  And independently assessing Akpa's § 4316 claim demonstrates that he has stated a plausible claim. *See Harris v. Kenan Advantage Grp., Inc.*, No. 2:18-CV-01264, 2018 WL 6182693, at *3 (S.D.W. Va. Nov. 27, 2018) ("Alternative causes of action are evaluated independently for sufficiency.").  Akpa alleges that, after he returned from military service on December 12, 2024, Defendant served him with a termination letter on December 31, 2024. ECF 19, at 9 ¶ 50.  The alleged termination came fewer than 180 days after the completion of his service obligations, as required by § 4316(c). *See* 38 U.S.C. § 4316(c)(1)(2).  Moreover, the allegations

raise a plausible inference that Akpa's termination was not for cause, because "Defendant did not state a reason for terminating Plaintiff in the termination letter." ECF 19, at 9 ¶ 51. Accordingly, Akpa has plausibly alleged that Defendant "considered [Akpa] to be an employee of [Defendant] prior to sending the letter terminating his employment," ECF 19, at 9 ¶ 49, and violated § 4316 of USERRA by terminating Akpa on December 31, 2024. Dismissal of this claim is not warranted.

### E.   Liquidated Damages

Defendant argues that liquidated damages are not supported because "Plaintiff fails to allege any facts to support the contention that Defendant knew its conduct was prohibited" and "that Defendant willfully violated" USERRA. ECF 20-3, at 8. Section 4323 of USERRA provides for liquidated damages "if the court determines that the employer knowingly failed to comply with the provisions of this chapter." 38 U.S.C. § 4323(d)(1)(D). Akpa counters that because liquidated damages are "simply a remedy sought," Defendants have no "basis for dismissal." ECF 31, at 18. The Court will not rule on the appropriateness of Akpa's request for liquidated damages at this stage of the litigation. Defendant cites no authority to suggest that dismissal of a liquidated damages request is appropriate at the Rule 12(b)(6) stage. And "while caselaw is not uniform on this front, it does support the principle that a Rule 12(b)(6) motion 'applies to claims, not to requests for a certain type of damages that are merely the relief demanded as part of a claim.'" *Est. of Singleton by Singlton v. Mead*, Civ. No. JRR-24-02942, 2026 WL 262542, at *8 (D. Md. Feb. 2, 2026) (quoting *Navient Sols., LLC v. L. Offs. of Jeffrey Lohman*, No. 119CV461LMBTCB, 2020 WL 1867939, at *5 (E.D. Va. Apr. 14, 2020)). Accordingly, the Court will deny the Motion as to Akpa's demand for liquidated damages.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss or, in the alternative, for summary judgment, construed as a motion to dismiss, is DENIED.

13

A separate implementing order will issue.

Dated: <u>March 9, 2026</u>

_____/s/_____

Brendan A. Hurson
United States District Judge

14